IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:12-cv-14299-KMM

EDWARD HOPWOOD,

    Plaintiff,

vs.

SUNRISE FORD, INC.,

    Defendant.
_____/

### ORDER ON PLAINTIFF'S MOTION TO REMAND

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand to State Court (ECF No. 9). Defendant filed a Response (ECF No. 10). Plaintiff did not file a Reply. This matter is ripe for review. UPON CONSIDERATION of the Motion, the Response, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND

Plaintiff Edward Hopwood filed this action in the Circuit Court of the Nineteenth Judicial Circuit for St. Lucie County, Florida, styled *Edward Hopwood v. Sunrise Ford, Inc.*, and designated as Case No. 56-2012-ca-002733. Hopwood, a former employee of Defendant Sunrise Ford, Inc., asserts a claim for workers' compensation retaliation pursuant to the Florida Workers' Compensation Act, Fla. Stat. § 440.205 ("FWCA") (Count I) and two claims under the Federal Medical Leave Act, 29 U.S.C. § 2615 ("FMLA") (Counts II and III). On August 20, 2012, Defendant timely removed this action to this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a). Plaintiff filed the instant Motion to Remand on August 30, 2012 (ECF No. 9), alleging

that removal was inappropriate pursuant to 28 U.S.C. § 1445(c).

## II. LEGAL STANDARD

Federal courts enjoy only limited jurisdiction. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005). A party removing a case from state to federal court has the burden of proving that federal jurisdiction exists. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (citing Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1318 (11th Cir. 2001)). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Id.

## III. ANALYSIS

Plaintiff seeks to remand the above-styled action, asserting that this Court is without subject matter jurisdiction over the entire action under 28 U.S.C. § 1445(c), which prohibits removal of "a civil action in any state court arising under the workers' compensation laws of such state." Count I of Plaintiff's Complaint asserts a claim for workers' compensation retaliation pursuant to the FWCA. This Court finds that Plaintiff's claim "arises under the workers' compensation law" of Florida within the meaning of Section 1445(c). See Johnson v. Morton Plant Mease Healthcare, Inc., No. 8:07-cv-179-T-26EAJ, 2007 WL 570078 at *2 (M.D. Fla. Feb. 20, 2007) (finding that plaintiff's claim alleging a violation of the FWCA "arises under" the Florida workers' compensation laws for the purposes of barring removal); Quitto v. Bay Colony Gold Club, No. 06-cv-286-FtM-29DNF, 2006 WL 2598705, at *2 (M.D. Fla. Sept. 11, 2006). Consequently, this Court lacks jurisdiction over Count I. See Reed v. Heil Co., 206

2

F.3d 1055, 1061 (11th Cir. 2000). This Court, therefore, must remand Count I to state court.

Next, the Court turns to Count II and Count III, which were both brought under the FMLA, a federal statute. Plaintiff contends that these claims must be remanded as well, because partial remand of the state law claim is not appropriate under 28 U.S.C. § 1441(c), which gives a district court discretion to remand all matters in which state law predominates. Plaintiff relies upon Am. Fire & Cas. Co. v. Finn for his argument that there is not a separate and independent claim in the present action. 341 U.S. 6, 14 (1951) (interpreting 28 U.S.C. Section 1441(c) and holding "where there is a single wrong to the Plaintiff for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under Section 1441(c)"). This Court, however, does not find this argument persuasive and finds the claims are separate and independent. Other district courts in the Eleventh Circuit have similarly held that only the retaliatory discharge claim should be remanded. See Perdue v. Westpoint Home, Inc., No. 5:07-cv-192-RS-AK, 2007 WL 3202455 (N.D. Fla. Oct. 26, 2007) (remanding only claim brought under the FWCA); Johnson, 2007 WL 570078 (remanding plaintiff's claim brought under the FWCA and retaining jurisdiction over plaintiff's FMLA claims); Quitto, 2006 WL 2598705 (remanding only plaintiff's retaliatory discharge claim). Finally, this Court clearly has jurisdiction over Plaintiff's FMLA claims, as they arise from a federal statute. See Reed, 206 F.3d at 1057; Quitto, 2006 WL 2598705 at *2. Therefore, this Court retains jurisdiction over Count II and Count III of Plaintiff's Complaint.

## IV. CONCLUSION

Accordingly, it is

ORDERED AND ADJUDGED as follows:

3

1. Plaintiff's Motion to Remand to State Court (ECF No. 9) is GRANTED as to Count I of Plaintiff's Complaint and DENIED as to Count II and Count III of Plaintiff's Complaint.

2. The Clerk is directed to remand Count I of Plaintiff's Complaint to the Circuit Court of the Nineteenth Judicial Circuit for St. Lucie County, Florida.

3. Count II and Count III of Plaintiff's Complaint shall remain before this Court for resolution.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of October, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record